On Rehearing
AYRES, Judge.
A rehearing was granted herein for reconsideration of the majority opinion in view of the earnest insistence by plaintiff’s counsel of serious errors committed therein.
Plaintiffs insist that we are in error, (1) in admitting parol evidence to vary the terms of a purported written extension agreement, especially in the absence of allegations assailing the validity of the instrument; (2) in accepting the testimony of one of defendants rather than the testimony of plaintiff’s adjuster, and (3) in holding that W. L. Smith, a co-maker with Jimmie Smith on the note sued on, had the authority to surrender the automobile of Jimmie Smith, which was mortgaged as security for the payment of the note sued on and which was executed by him and Jimmie Smith as joint makers.
In the first place, the purported written extension agreement was not the instrument sued upon and is not mentioned in the pleadings. The first appearance of this instrument was during the trial. In their answer defendants alleged “that we surrendered the automobile to the plaintiff herein in settlement, payment and compromise and in satisfaction of the balance due on the note,” and that plaintiff, pursuant to their agreement, took possession of said automobile.
The defendant, W. L. Smith, testified in support of these allegations as to an agree *569 ■ment reached with plaintiff’s adjuster for settlement of the note by surrendering the •car. He had known the adjuster all the adjuster’s life and trusted that whatever instrument presented him by the adjuster was in accordance with their agreement and understanding; as, he so expressed, he felt his friend would not let him sign anything different or anything that he should not sign.
Replications and rejoinders are not permitted as part of the pleadings in this State. It was held in Galiano v. Galiano, 213 La. 332, 34 So.2d 881, that the allegations of an answer are open to any ■objection of law or fact without express pleadings, in accordance with Code of Practice Art. 329, which reads:
“When the defendant, in his answer, alleges on his part new facts, these shall be considered as denied by the plaintiff; therefore neither replication nor rejoinder shall be admitted.”
The production of the purported extension agreement in rebuttal or opposition to defendants’ allegations setting up an affirmative defense, is in the nature of a rejoinder, which, in reason, should be and is as open for any attack or objection of law or fact without express plea or allegations to that effect. Prior to the production of this instrument in court on the day of trial for its introduction in evidence, no reference to the instrument had been made, and defendants were without opportunity to formally assail the instrument in their pleadings. Defendants’ attack was made at the first opportunity and in the only manner available. Their rights should not he prejudiced. Their rights of attack upon the instrument in this instance should be upheld equally for them as such rights would have been accorded plaintiff had defendants alleged an affirmative defense based upon a written instrument. Like application should be given the law whether it pertains to plaintiff or defendant.
The second contention of error refers to the credibility accorded by this court to the testimony of the witnesses. For the reasons given in our original opinion, it was concluded that the testimony of W. L. Smith was more consistent with reason and was, moreover, corroborated by facts and circumstances therein related. We adhere to that position.
The last contention of error is leveled at the conclusion reached by the court that plaintiff was without right or cause to complain that the contract agreed upon with W. L. Smith was invalid in the absence of Jimmie Smith, one of the parties to the note, joining therein. Jimmie Smith, as the real owner of the automobile, had he been displeased with the agreement, would have had valid grounds to protest. He, however, has joined W. L. Smith in asserting this affirmative defense to plaintiff’s right to recover herein. This constitutes a ratification of and an acquiescence in the actions and agreement entered into by W. L. Smith for and on his behalf. But wherein would plaintiff have a right to assert the nullity and invalidity of the agreement upon grounds purely personal to Jimmie Smith? Pursuant to the agreement plaintiff took possession of the car. Plaintiff can not now retain the benefit of that contract and repudiate the disadvantages. It can not divide its agreement but must either accept it as a whole or reject it in toto. Galiano v. Galiano, supra. One joining in a contract can not assail its invalidity on grounds or for reasons personal to other parties thereto. For instance, a major who contracts with a minor is in no position to assail the contract on the grounds of the minority of the other party in order to escape his own obligations incurred therein. From our review and reconsideration of the record, we are convinced of the correctness of our original views and decree. Therefore, the original decree and judgment herein rendered is reinstated and made the final judgment of this court.
GLADNEY, J., dissents for the reasons assigned on the original hearing.