181 So. 865

**ROY O. MARTIN LUMBER CO., Inc., v. HODGE–HUNT LUMBER CO., Inc., et al.**

No. 34749.

May 2, 1938.

Rehearing Denied May 30, 1938.

Goff & Goff and Robert H. Wimberly, all of Arcadia, for appellee.

Barksdale, Warren & Barksdale, of Ruston, for appellants.

PONDER, Justice.

The plaintiff being the owner in possession of certain lands in the Parishes of Bienville, Red River and Natchitoches brought this suit in jactitation against parties claiming ownership of undivided mineral rights in the lands.

The lower court rendered judgment in favor of the plaintiffs ordering the cancellation and erasure from the records certain instruments conveying the mineral interests to the defendants: From this judgment the defendants appeal.

On August 24, 1927, the Hodge-Hunt Lumber Company, Inc. sold and conveyed to the Southern Advance Bag & Paper Company, Inc. approximately 60,000 acres of land situated in the Parishes of Bienville, Red River and Natchitoches, reserving one-half of all the oil, minerals, etc., in and under the land. On July 12, 1929, the Southern Advance Bag & Paper Company, Inc. sold and conveyed to the plaintiff Roy O. Martin Lumber Company, Inc. 6,000 acres of this land without any mineral reservation or mention of the previous mineral reservation. On August 16, 1937, the Hodge-Hunt Lumber Company, Inc., conveyed an undivided 1/8 interest of the oil, minerals, etc., in and under the land to Otis E. Hodge and John S. Hunt which was filed for record in the Parishes on August 19, 1937. On August 18, 1937, John S. Hunt by an act of donation transferred an undivided 1/64 interest of the minerals to his grandson, Virgil Davis Hunt, a minor about ten years of age. On the same date by act of donation Otis E. Hodge donated an undivided 1/64 interest in the mineral rights to his granddaughter, Mary Margaret Hodge, also a minor about ten years of age. These acts of donation were

filed for record on August 19, 1937. The plaintiff in this suit seeks the cancellation of the mineral reservation in the deed of the Hodge-Hunt Lumber Company, Inc. to the Southern Advance Bag & Paper Company, Inc. of August 24, 1927, on the ground of nonuser and more than ten years having elapsed since the reservation was made. The plaintiff seeks the cancellation of the purported deed from the Hodge-Hunt Lumber Company, Inc., to Otis E. Hodge and John S. Hunt and the cancellation of the act of donation from John S. Hunt to Virgil Davis Hunt and the act of donation from Otis E. Hodge to Mary Margaret Hodge.

It is admitted in the agreed statement of facts that there has never been up to the filing of this suit any exploitation or production of oil, etc., on the lands. It is not disputed that Otis E. Hodge is the president and John S. Hunt is the secretary of the Hodge-Hunt Lumber Company, Inc. A copy of the deed from the Hodge-Hunt Lumber Company, Inc. to Otis E. Hodge and John S. Hunt is not in the record. There is nothing in the record to show what the consideration in the deed was. We find in the testimony of John S. Hunt that he stated that they felt they were entitled to an interruption of prescription as well as to make a donation to the children. When Mr. Hunt was asked the question whether the donations were made to the minors for the purpose of suspending prescription, he practically admits that that was the purpose for which the donations were made.

The defendant contends that at the time the donations were made to the minors prescription had not accrued and that when the minors became coproprietors it suspended the servitude during their minority. They also contend that since a servitude is indivisible that if it was suspended as to one of the co-owners, because of minority, it necessarily suspends it as to all the co-owners. They rely on Article 802, Revised Civil Code, which reads,

"If among the coproprietors there be one against whom prescription can not run, as for instance a minor, he shall preserve the right of all the others."

They also rely on the cases of Sample v. Whitaker, 172 La. 722, 135 So. 38; Palmer Corporation v. Moore, 171 La. 744, 132 So. 229; Calvit v. Mulhollan, 12 Rob. 266.

The defendants contend that the motive of the donors is immaterial if they complied with the law and that one taking advantage of any provisions of the law which are favorable to him is entirely within his legal rights and is not guilty of any fraudulent or immoral conduct, citing, "One cannot be guilty of fraud by doing what he has a legal right to do. A Court does not inquire into one's motives for doing a lawful act. First Nat. Bank v. Fry, 216 Mo. 24, 35, 115 S.W. 439. State ex rel. Orr v. Buder, 308 Mo. 237, 271 S.W. 508, 39 A.L.R. 1207."

Counsel for the plaintiff urges that the purported deed to Hodge and Hunt and the purported donations are simulations. It is true that the plaintiff did

not allege in its petition that the sale and the donations were simulations but brought a suit in jactitation to cancel and erase the instruments from the records. There was non-user of the servitude for more than ten years. The defendant seeks to interrupt and suspend the prescription on the grounds that two of the co-owners are minors. This identical question was decided in the case of Patton's Heirs v. Moseley, 186 La. 1088, 173 So. 772. In that case the suit was one in jactitation and the defendants sought to interrupt and suspend the prescription relying on a deed to a minor. The plaintiff not having alleged that the deed was a simulation urged that the deed was a simulation after the defendant had sought to defeat the jactitation suit by claiming that the deed to the minor suspended prescription. This Court held that the allegations of an answer are open to any objection of law or fact without special plea. Replications under our law are not admissible.

The most serious question presented in this case is whether the deed to Otis E. Hodge and John S. Hunt and the donations to the two minors are simulations. The record discloses that only eight days before the ten years would have elapsed the corporation who owned the servitude or mineral rights transferred to its president and its secretary a part of the mineral rights owned by it and that two days thereafter the president and secretary transferred a part of these mineral rights to these minors. John S. Hunt admits that the purpose of the transfers were for the purpose of suspending the servitude.

It was a mere arrangement among the parties to preserve the mineral rights from the running of prescription, using the minors' names for that purpose. In the case of Patton's Heirs v. Moseley, supra, this Court said (page 774), "If such a practice were sanctioned, it would enable the owner of a servitude to perpetuate the servitude without any action on the landowner's part by the simple device of under the guise of a sale placing a small undivided interest therein in the name of a minor before any prescriptive period would elapse." According to the principle enunciated a donation of a small undivided interest for that purpose could not be sanctioned. If the corporation desired to enjoy the servitude and to keep it in force it should have exercised the servitude as was contemplated by the parties when the servitude was granted. It would be manifestly unfair to permit the corporation by mere manipulation to defeat the landowner's rights. When a servitude is acquired it is contemplated that this servitude will be used within ten years and if not used within ten years that it will prescribe. It cannot continue the servitude by manipulation or subterfuge. We are not confronted with a case where we are called on to protect a minor's interest but are confronted with a case wherein minors are interposed for the sole purpose of defeating the landowner of his rights and one where a corporation is seeking by manipulation and subterfuge to continue a servitude without developing or producing oil or making any effort to that end as was contemplated by the parties when the servitude was granted.

"The law abhors simulations." Patton's Heirs v. Moseley, supra.

For the reasons assigned the judgment of the lower court is affirmed.

O'NIELL, C. J., does not take part.