The relator sets out in his petition that he is a resident and taxpayer of the Fourth Ward of Vernon Parish, a ward in which intoxicating liquors may be sold under a license, no election having been held in said ward to prohibit the issuance of a license for such sales; that by Act No. 9 of 1930, the Legislature undertook to divide Ward 4 and create a new police jury ward therein designated as Ward 7, and defined the dividing line between the two wards as the middle line running east and west of Township 1 of Vernon Parish; Ward 7 to be composed of the territory in Ward 4 lying south of said line.
Relator further alleges that he resides in that part of Ward 4 embraced in the territory out of which the new Ward 7 was attempted to be formed; that the creation of Ward 7 was and is illegal, null and void for the reason that no definite and fixed boundaries were established, and there is no way of determining the boundaries of said Ward 7; that, acting upon the illegal attempt to create Ward 7 out of Ward 4 of said parish, a local option election was held in said purported Ward 7 to determine whether or not licenses for the sale of intoxicating liquors, wine and beer should be issued; that said purported election was illegal, null and void and of no effect for the reason that the purported act fixing the boundaries of said ward is non-effective and illegal.
Relator further alleges that he made due application and lawful tender to the Police Jury of Vernon Parish for a license to sell beer and liquor on his property located in said purported Ward 7; that his application and tender were refused by the said Police Jury on the ground that there had been a local option election held in Ward 7 which election had resulted in said purported Ward 7 voting dry; that, as the attempted creation of Ward 7 is illegal, he is a resident and taxpayer of Ward 4, a wet ward, and is entitled to have a license issued to him to sell beer and whiskey on his said property. He alleges that he is entitled to have a rule issue against the Police Jury of Vernon Parish to show cause why a writ of mandamus should not issue commanding said Police Jury to issue him a license for the purposes above stated.
In his prayer, he asks for a rule to issue against all named members of the Police Jury to show cause why a license should not be issued to him and the purported division of Ward 4 declared illegal. A rule issued directed to the Police Jury of Vernon Parish, ordering the rule served on the president and the individual members. *Page 187 
Service of the rule was made on the Police Jury of Vernon Parish, through its president, and on each individual member.
The Police Jury, in its official capacity, filed an exception of no cause or right of action based on the ground that the legality of the creation of a ward and the constitutionality of the act creating the ward cannot be questioned in a mandamus proceeding, and that in refusing to grant relator a license, the police jury was acting under the law which prohibited it from issuing the license. The individual members also filed a similar exception based on the same grounds and the additional ground that they cannot be sued in their individual capacity for causes affecting only their official acts. Pleas of prescription were also filed, both the exceptions and pleas being referred to the merits.
An answer was filed and the case tried, whereupon the court rendered judgment sustaining the exceptions of no cause and no right of action and dismissing relator's suit. From this judgment, he has appealed.
We have no hesitancy in stating that the individual members of the Police Jury could not be sued in their individual capacity in order to compel them to perform what is alleged to be purely an official duty. Assuming that the petition, prayer and order taken together can be construed as a suit against the Police Jury of Vernon Parish and the members thereof in their official capacity, we think the trial court correctly sustained the exceptions of no cause or right of action.
It is obvious that in order for the Police Jury of Vernon Parish to be justified in complying with relator's request and issue him a permit to sell intoxicating liquors on his premises, it would have to do two distinct things: (1) hold and decide that the act of the Legislature creating Ward 7 out of Ward 4 is illegal and ineffective and that Ward 4 as it previously existed remains intact; and (2) declare the local option election in Ward 7 prohibiting the sale of intoxicating liquor therein illegal, null and void.
It is too well settled to require the citation of authority that a writ of mandamus will only issue to compel a public official to perform a purely ministerial duty, a duty which a law or an ordinance in plain and unmistakable terms requires him to perform as a part of and in connection with his official functions. To compel the Police Jury of Vernon Parish to issue to relator a license to sell beer and whiskey on his premises would require it to do, not what the law and its ordinance requires it to do, but to do exactly the opposite. It would certainly place a great hardship on police jurors and other officers to compel them at their peril to pass on the legality of laws and ordinances affecting their official duties where they have no personal interest in the matter and when they may be perfectly willing to follow such laws and ordinances. If that were the rule, such officers would become interpreters of the validity of the law as well as its observers. A case similar to the present case is that of State of Indiana ex rel. Hunter v. Winterrowd, Inspector, et al., 174 Ind. 592, 91 N.E. 956, 92 N.E. 650, 30 L.R.A., N.S., 886, where similar views were expressed and authorities cited in support thereof. We are in full accord with the holding in that case and believe it is in harmony with the spirit of the jurisprudence of our own state on the subject.
The same principle was involved in a converse situation in the case of State ex rel. New Orleans Canal Banking Co. et al. v. Heard, Auditor, et al., 47 La.Ann. 1679, 18 So. 746, 47 L.R.A. 512, where the Supreme Court of this state held that an executive officer has no right to decline the performance of purely ministerial duties imposed on them by law on the ground that the law is unconstitutional or invalid; that laws are presumed to be valid and must be treated and acted upon as valid by subordinate officers until their illegality has been established. If the converse situation had been presented in this case, that is if the local option election had resulted in the granting of licenses in said ward to sell intoxicating liquors, it is obvious, under the decision in the above-cited case, that the police jury could not have refused a license on no other ground than that the act creating the ward is unconstitutional and invalid and for that reason the election was illegal.
Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of appellant in both courts. *Page 188