HIGGINS, Justice.
 

 The accused was charged in an affidavit in the First Recorder’s Court of the City of New Orleans with having violated, on May 12, 1943, at 10 o’clock
 
 a.tii., on
 
 the premises 6112 Magazine Street, the provisions of Section 6 of Zoning Ordinance No. 11,302, Commission Council Series, by employing more than five persons on the premises and creating a nuisance by working thereon after 10 o’clock p. m.
 

 The defendant filed a written plea denying that he in any way violated the provisions of the ordinance, as charged, and pleaded the unconstitutionality of the provisions of the ordinance, as follows:
 

 “Defendant especially pleads the unconstitutionality of the said ordinance as attempted to be applied to your defendant depriving him of his property rights in violation of the provisions of the Constitution of the United States and State of Louisiana.”
 

 He was found guilty in the Recorder’s Court and sentenced to pay a fine of $25 or serve thirty days in the Parish Jail, in default of the payment of the fine. After appealing to the Criminal District Court for the Parish of Orleans, where the conviction and sentence were upheld, he then appealed to this Court.
 

 The City of New Orleans filed a motion to dismiss the appeal on several grounds. •We do not consider it necessary for us to pass upon these issues for the reason that, even if the appeal were before us, we would be unable to grant the defendant the relief sought, because the constitutionality of the ordinance is not properly pleaded.
 

 In the case of City of Shreveport v. Pedro, 170 La. 351, 127 So. 865, the plaintiff brought an expropriation suit. The defendant pleaded that “ ‘all the acts, laws and ordinances and resolutions under which the plaintiff is seeking to confiscate 'and expropriate his property are null, void, ultra vires and unconstitutional and that same should be so held and declared. That same violate the due process of law clause of the U. S. Constitution.’ ” In holding that the defendant’s plea was too vague to raise such issue, the Court said:
 

 “It is elementary that all laws are presumed to be constitutional until the contrary is made clearly to appear, and that he who urges the unconstitutionality of a law must specially plead its unconstitutionality, and show specifically wherein it is unconstitutional. The plea, in this instance, is too vague to put at issue the unconstitutionality of the laws attacked. The court cannot be expected to make an examination to ascertain the various laws under which plaintiff may have acted and to as
 
 *493
 
 certain wherein they violate the due process clause of the Constitution of the United States, o'r are otherwise unconstitutional, and, if they are, in what respect they are so, nor can the opposite party to the litigation, under these circumstances, be expected to meet the attack, for he is .not sufficiently informed by the plea to undertake the task, and, moreover, the burden is not upon him to show that they are constitutional. See State v. Hudson, 162 La. 543, 110 So. 749.” See also State v. Great Atlantic & Pacific Tea Co., 190 La. 925-945, 183 So. 219.
 

 It will be noted that the defendant herein does not in any way particularize or specify in what respects the ordinance violates the provisions of the State and Federal Constitutions and no reference is made to any particular provision of either of them.
 

 For the reasons assigned, the judgment is affirmed.
 

 O’NIELL, Chief Justice,
 

 is of the opinion that, inasmuch as the Supreme Court has not jurisdiction to pass upon any question except the question of constitutionality or legality of the municipal ordinance imposing the penalty in a case appealable to this court by reason of the fact only that the constitutionality or legality of a fine, forfeiture or penalty imposed by a municipal corporation is in contest, — and inasmuch as there is really no specific plea of unconstitutionality or illegality of the ordinance presented for decision in this case,— the appeal should be dismissed.