PONDER, Justice.
 

 This is an appeal from a judgment ordering the specific performance of a contract.
 

 An instrument was prepared by a notary public on June 3, 1937, designed to settle all the disputes in the successions of Joseph Galiano and Paula Giametta Galiano, his wife, and to have the heirs placed in possession of the effects of the successions. In this instrument or agreement certain real estate in the City of New Orleans was to be transferred to one of the heirs, Joseph Galiano, Jr., for a consideration of $5,875.00, cash, the transfer to be made within thirty days after the heirs were placed in possession. All of the heirs signed the agreement, except Basile Galiano, the plaintiff herein, who declined to sign the instrument because he wanted this property. A contract was entered into between the plaintiff and Joseph Galiano, Jr., the defendant, whereby the plaintiff agreed to sign the instrument, with the understanding and agreement that the defendant would sell the plaintiff the property after he received it for a consideration of $6,600.00 After the plaintiff and the defendant had entered into this agreement, the plaintiff signed the instrument of June 3rd, wherein the heirs agreed, among other things, to transfer the property involved in this suit to the defendant. The heirs were placed in possession of the property of the successions by judgment of the district court on July 30, 1937. The plaintiff was notified on October 9th thereafter to appear at the office of a notary public on October 14th to sign the necessary acts of sale to carry into effect the agreement between the heirs as set out in the instrument of June 3rd. The defendant addressed a letter to the plaintiff on October 12, 1937, notifying him that the defendant would execute an act of sale on October 14th, upon payment by the plaintiff of the purchase price of $6,600.00, cash, in accordance with his agreement, and the failure of the plaintiff to comply would result in a nullification of their agreement. The plaintiff appeared at the notary’s office on October 14th, but refused to sign the act transferring the property to the defendant in conformity with the agreement of June 3rd. The defendant and the other co-heirs brought suit against the plaintiff on October
 
 20,
 
 1937 to enforce specific performance of the agreement entered into between the heirs on June 3rd to transfer the property to the defendant. Upon trial of that suit the district court gave judgment ordering the plaintiff to specifically perform his agreement by signing the deed with the other heirs and, upon his failure to do so
 
 *335
 
 within ten days, that the defendant thereby became vested with title to the property. This judgment was signed on December 14, 1937. On August 23, 1938 the plaintiff notified the defendant that he was ready to take title to the property in accordance with their agreement. The defendant refused to appear at the designated place and transfer the property to the plaintiff. On September 5, 1938 the plaintiff instituted the present suit seeking to compel the defendant to transfer the property to him upon the payment of the purchase price in compliance with their contract. Upon trial of the case the lower court gave judgment ordering the defendant to transfer the property to the plaintiff within ten days by a formal act of sale and in event of his failure to do so within that time that the plaintiff is recognized as the owner of the property. The defendant has appealed.
 

 The appellant contends that the plaintiff was placed in default by the letter of October 12, 1937 and thereby lost whatever right he had to demand specific performance of the contract. He also contends that the plaintiff repudiated his contract by refusing to comply with the contract of June 3rd; 'by resisting the enforcement of that contract; and by asking for the property to be sold at public sale in his answer to the suit.
 

 The appellant endeavors to treat the contracts separately. Insofar as the plaintiff and defendant are concerned, the two
 
 agreements cannot be
 
 treated separately for the reason that the agreement between the plaintiff and the defendant was the consideration for the plaintiff’s signing the contract with the heirs.
 

 The heirs were placed in possession of the property on July'30 of 1937. On October 14th the plaintiff refused to comply with the agreement of June 3rd. The heirs brought suit against the plaintiff on October 20th thereafter to compel the plaintiff to perform his agreement with them. The suit was finally disposed of on December 14, 1937 by judgment for specific performance. The successions were settled-on August 23, 1938- and the plaintiff on that day notified the defendant that he was ready to take title to the property.
 

 It is admitted in the stipulation of facts that the plaintiff would testify that his reasons for refusing to take title to the property on'October 14th were because the defendant did not have title to the property; that he was not afforded an opportunity to examine whatever title the defendant might acquire; that he was not to take title to the property until the successions were settled; and that the successions were not settled until August 23, 1938. This testimony is not contradicted.
 

 We do not have the benefit of the evidence adduced in the heirs’ suit against the plaintiff and there is nothing in this record to show upon what grounds the lower court based its judgment in that case. In that case the heirs, except the defendant, were unquestionably entitled to specific performance of the agreement of June 3rd. The plaintiff, insofar as the other heirs are con
 
 *337
 
 cerned, signed the agreement of June 3rd without any consideration except that called for in that agreement. The defendant is in no such position because he induced the plaintiff to sign the agreement of June 3rd by an agreement with the plaintiff to sell the property, when he acquired it, to the plaintiff at a stipulated price. There was no date fixed for the transfer of the property to the plaintiff.
 

 We are not impressed with the appellant’s contentions for the reason that he joined with the other heirs to enforce by specific performance an agreement that he had induced the plaintiff to sign under a contract to sell the property to the plaintiff.
 

 The defendant cannot retain all the benefits flowing from his contract with the plaintiff and repudiate the disadvantages. He must either ratify or reject the matter in toto. There is no plea of estoppel in the record and none is required. It is well settled that the allegations of an answer are open to any objection of law or fact without special plea. Replications are not admissible. Roy O. Martin Lumber Co., Inc., v. Hodge-Hunt Lumber Co., Inc., 190 La. 84, 181 So. 865.
 

 There are many cases in the jurisprudence of this State to the effect that one who has received benefits from a transaction is estopped from repudiating the disadvantages flowing therefrom. One cannot be enriched at another’s expense. He cannot divide his agreement, but must either accept it as a whole or reject it in toto. Allardyce v. Abrahams, 190 La. 686, 182 So. 717; Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
 

 O’NIELL, C. J., absent.