247· So.2d 542

Lester J. SUMMERELL

v.

James W. PHILLIPS.

No. 50781.

May 4, 1971.

---

Joseph F. Keogh, Parish Atty., for defendant-relator.

McCollister, Belcher, McCleary & Fazio, M. Aubrey McCleary, Jr., Baton Rouge, for intervenors-relators.

Ellison & Gary, Leon Gary, Jr., Baton Rouge, for plaintiff-respondent.

SANDERS, Justice.

In this mandamus proceeding, Lester L. Summerell seeks to compel James W. Phillips, the Building Supervisor of East Baton Rouge Parish, to issue to him a permit for the construction of a trailer park. The district court denied relief. After declaring the parish trailer park ordinance unconstitutional, the Court of Appeal granted the mandamus and ordered the issuance of a permit. 238 So.2d 786. Under the authority of Bradford v. Department of Hospitals, 255 La. 888, 233 So.2d 553 (1970), we granted certiorari as a matter of right. 256 La. 849, 239 So.2d 356.

In October, 1967, Summerell acquired a tract of land in East Baton Rouge Parish on which he intended to construct a trailer park. On May 20, 1968, he applied to the City-Parish Permit Department for a permit to build the park. Eight days later, the department denied the permit because of Parish Council Resolution No. 7626, adopted on April 24, 1968. That resolution declared a "moratorium" on the issuance of trailer park permits until further instruction of the council, pending the completion of a study and development of a trailer park ordinance by the Planning Commission.

Thereafter, Summerell filed in the district court a petition for mandamus against the Building Supervisor. In the petition he attacked the constitutionality of the moratorium resolution. The Building Supervisor filed a declinatory exception, a peremptory exception, and an answer. Village St. George, Inc., Magnolia Heights, Inc., and St. George Civic Association, Inc.,

property-owner organizations, intervened to support the position of the Building Supervisor.

The declinatory exception objected to the absence of citation and the use of the summary proceeding to attack the legality of the resolution.

The peremptory exception suggested the absence of a cause or right of action, on the ground that the resolution prohibited the issuance of the permit and negated the existence of a ministerial duty essential to a mandamus proceeding.

The answer resisted the demand on several grounds: It asserted that Resolution No. 7626 prohibited the issuance of the permit, that the resolution imposed a valid moratorium pending the completion of the Planning Commission's study, that the Planning Commission had already scheduled hearings on an ordinance, and that the Building Supervisor had no authority to question the constitutionality of the resolution.

The district court overruled the exceptions. After a hearing, it declared the resolution unconstitutional and ordered the Building Supervisor to issue the trailer park permit.

The district court judgment was handed down on September 24, 1968. The following day, the City-Parish Council of East Baton Rouge Parish adopted Ordinance 2876, restricting trailer park permits to special zoning districts. On September 26, the Building Supervisor filed a motion for a new trial, based in part upon the newly enacted Ordinance. The district court granted a new trial.

Upon the new trial, the Building Inspector introduced Ordinance 2876 in evidence. Holding that the ordinance prohibited the issuance of the present permit and pointing out that its validity had not been challenged, the district court dismissed plaintiff's suit.

Plaintiff appealed. Although the constitutionality of Ordinance 2876 had not been attacked in the district court, the Court of Appeal declared the ordinance unconstitutional and issued a writ of mandamus.[1]

Three substantial but interrelated questions arise from the Court of Appeal judgment: (1) Does the subsequently enacted ordinance apply to plaintiff's application for a trailer park permit? (2) May a plaintiff in a mandamus proceeding attack the constitutionality of a law that bars a public official from the performance sought? (3) Can the unconstitutionality of the ordinance, not pleaded in the trial court, be raised in the Court of Appeal?

1. The Building Supervisor did not rely upon the moratorium resolution in the Court of Appeal, nor does he do so in this Court, apparently conceding its invalidity.

Ordinance No. 2876 regulates trailer park permits, specifying the zoning districts in which trailer parks may be constructed. It makes no exception for pending applications. By its terms, it applies to all permits issued after its adoption.

In State ex rel. Manhein v. Harrison, 164 La. 564, 114 So. 159, this Court held:

"The ordinance, now before us, is sufficiently broad in its terms to prohibit the issuance of the permit here prayed for. The question is whether the council had a right to prohibit the issuance of permits previously applied for, though not granted, such as the permit in this case. We think that the council had such right. Every one holds his property subject to the police power. Because a person applies for a permit at a time when it might be lawfully granted does not give him a vested right to the permit. An ordinance may be validly passed after the making of such application which would prohibit the issuance of the permit."

■ The institution of this mandamus suit before the ordinance's adoption does not render the ordinance inapplicable to the permit involved in the litigation. See State ex rel. Manhein v. Harrison, supra; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260.

The plaintiff relies upon City of Shreveport v. Dickason, 160 La. 563, 107 So. 427

and State ex rel. Fitzmaurice v. Clay, 208 La. 443, 23 So.2d 177. Both cases are distinguishable.

The Shreveport case presented novel circumstances. There the judgment of this Court in State ex rel. Dickason v. Harris, 158 La. 974, 105 So. 33, ordering the issuing of a building permit became final on June 22, 1925. In compliance with the judgment, the City issued the permit on July 9, 1925. One of the intervening ordinances provided that it should not be construed as cancelling any permit granted prior to its passage. In the later litigation, the City of Shreveport sought an injunction to prohibit the use of the permit. This Court denied the injunction.

In State ex rel. Fitzmaurice v. Clay, supra, the relator's application for a building permit was deferred until the final report of the Zoning Commission on a Zoning Ordinance. This Court found that, despite the lapse of four years after the filing of the application, no zoning ordinance had been adopted. It affirmed the lower court judgment ordering issuance of the permit. This Court specifically recognized, however, that a subsequent ordinance may affect pending applications for permits.

We conclude that Ordinance No. 2876 applies to plaintiff's application for the trailer park permit.

The second question is more difficult: whether or not the plaintiff in a mandamus proceeding can attack the constitutionality of a statute or ordinance that bars the performance sought by the writ.

Mandamus is a writ directing a public officer or others designated by statute to perform a duty. LSA–C.C.P. Art. 3861; Bussie v. Long, 257 La. 623, 243 So.2d 776. Normally, it issues in a summary proceeding. LSA–C.C.P. Arts. 3865, 3866. Mandamus is the most commonly used procedural vehicle for the judicial review of administrative action in Louisiana. See 43 Tul.L.Rev. 854, 855.[2]

The Louisiana Code of Civil Procedure provides:

Article 3862:

"A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice * * *"

Article 3863:

"A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law * * *"

Under the foregoing articles, only a ministerial duty qualifies for enforcement in a mandamus proceeding against public officials. These articles contain no explicit rule as to whether or not the unconstitutionality of an impeding statute can be raised by plaintiff and declared in the same proceeding.

The arguments against allowing the plaintiff to raise the unconstitutionality of a statute in a mandamus proceeding have been variously stated. It is suggested that a summary proceeding is ill-adapted to the adjudication of constitutionality. It is also postulated that the existence of an impeding statute, though unconstitutional, negates the co-existence of a ministerial duty.

We find these arguments unpersuasive. Courts must be solicitous of constitutional rights in mandamus proceedings, just as they are in other cases. Moreover, if a statute is unconstitutional and is so declared, courts should not allow it to cloud the official duty. To require that the constitutionality of a statute first be determined in a separate proceeding produces a multiplicity of suits and prolongs litigation.

■ A division of authority exists on this question in other jurisdictions. The majority rule is that a plaintiff in a mandamus proceeding may attack the constitutionality of a statute or ordinance excusing the respondent from performance. State ex rel. Shepard v. Mechem, 56 N.M. 762, 250 P.2d 897; Giddings v. Blacker, 93

2. But see Louisiana Administrative Procedure Act, LSA–R.S. 49:951, 963, 964 (1967).

Mich. 1, 52 N.W. 944; State ex rel. Powell v. State Bank of Moore, 90 Mont. 539, 4 P.2d 717, 80 A.L.R. 1494; State ex rel. Michaels v. Morse, 165 Ohio St. 599, 138 N.E.2d 660; Carter v. City of Bluefield, 132 W.Va. 881, 54 S.E.2d 747; People ex rel. Scott v. Kerner, 32 Ill.2d 539, 208 N.E.2d 561; 52 Am.Jur.2d, Mandamus, § 95, p. 418.[3]

The prevailing view is correctly stated in 52 Am.Jur.2d, Mandamus, § 95, p. 418, as follows:

> "The question of constitutionality is frequently interposed by a petitioner or relator in mandamus where he claims that a statute or ordinance which, if valid, would excuse the respondent from performing the duty or act in question is invalid. There seems to be no reason why the constitutionality of the act thus relied on may not be raised in such manner and most courts have taken this view."

We have not heretofore ruled on this question. In State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665, this Court noted: "Furthermore, an appellate court of this state has held that a man-

damus proceeding is not a proper proceeding * * * to attack the validity of a statute." The case identified was State ex rel. Monk v. Police Jury of Vernon Parish, La.App., 3 So.2d 186. Although this language is contrary to the majority rule, it was unnecessary for the decision and must be regarded as dicta.[4] In essence, the Court held that since relator had failed to plead the unconstitutionality of the contested ordinances, they were presumed to be constitutional.

■ No statutory impediment exists to the adoption of the majority rule in Louisiana. We are convinced that it is sound. Moreover, it avoids a multiplicity of suits and expedites a final decision for the litigants. Accordingly, we hold that the plaintiff in a mandamus proceeding may attack the constitutionality of a statute or ordinance excusing the defendant's performance.

The final question squarely presented is whether or not the plaintiff in a mandamus proceeding may attack the constitutionality of an ordinance in the appellate court without having pleaded its unconstitutionality in the trial court.

---

3. This rule is to be distinguished from the one relating to public officials charged with the administration of laws. A public official as a respondent in a mandamus proceeding cannot as a defense attack the constitutionality of a statute pertaining to his official duties. See Smith v. Flournoy, 238 La. 432, 115 So.2d 809;

Dore v. Tugwell, 228 La. 807, 84 So.2d 199; State v. Heard, 41 La.Ann. 1679, 18 So. 746.

4. See also Gautreau v. Board of Electrical Examiners, La.App., 167 So.2d 425, where, in dicta, the Court of Appeal made a similar statement.

Although several exceptions have been recognized,[5] the general rule prevails that a litigant cannot raise the unconstitutionality of a statute or ordinance unless its unconstitutionality is specially pleaded and the grounds particularized. Creel v. Creel, 218 La. 382, 49 So.2d 617; City of New Orleans v. Plotkin, 205 La. 490, 17 So.2d 719; Ricks v. Close, 201 La. 242, 9 So.2d 534; Stovall v. City of Monroe, 199 La. 195, 5 So.2d 547; State v. Great Atlantic & Pacific Tea Co., 190 La. 925, 183 So. 219, cert. den. 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 410; City of Shreveport v. Pedro, 170 La. 351, 127 So. 865.

In City of Shreveport v. Pedro, supra, this Court stated:

"It is elementary that all laws are presumed to be constitutional until the contrary is made clearly to appear, and that he who urges the unconstitutionality of a law must specially plead its unconstitutionality, and show specifically wherein it is unconstitutional."

■ No extraordinary rule exempts the plaintiff in a mandamus suit from the pleading requirement. Special pleading of unconstitutionality is required of a manda-mus petitioner, who endeavors to strike down a statute or ordinance barring the respondent's performance. See State ex rel. McAvoy v. Louisiana State Board of Medical Examiners, 238 La. 502, 115 So.2d 833; State ex rel Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665; Gautreau v. Board of Electrical Examiners, La.App., 167 So.2d 425.

As a corollary of the above rule, it is also well accepted that a litigant who fails to plead the unconstitutionality of a statute cannot legally raise the constitutional issue in the appellate court. Maher v. City of New Orleans, 256 La. 131, 235 So.2d 402; State v. Louisiana State Board of Medical Examiners, supra; Southern Enterprises v. Foster, 203 La. 133, 13 So.2d 491.

Despite the silence of the pleadings in the present case, the Court of Appeal declared the ordinance unconstitutional. In so doing, it relied upon Article 2164 of the Louisiana Code of Civil Procedure, providing:

"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

---

5. For example, when a statute attempts to limit the constitutional power of the courts to review cases: State v. Gatlin, 241 La. 321, 129 So.2d 4; Mayer v. Board of Trustees, Etc., 199 La. 633, 6 So.2d 713. Or when the statute has been declared unconstitutional in another case: Harris v. Monroe Building & Loan Ass'n, 185 La. 289, 169 So. 343; State v. Cormier, 171 La. 1035, 132 So. 779. Or when the statute applicable to the specific case becomes effective after the appeal is lodged in the higher court: Long v. Northeast Soil Conservation District of La., 226 La. 824, 77 So.2d 408.

The foregoing article abolished the theory-of-the-case doctrine and gave the court broad discretion in granting relief to which a litigant is entitled upon the appellate record. The phrase *upon the record on appeal* has major significance. Implicit in it is the requirement that the basic pleadings adequately support all relief granted in a judgment. The article has no effect upon the pleading requirement for unconstitutionality.

In the present case, because of the inadequacy of the pleadings, the Court of Appeal erred in passing upon the constitutionality of the ordinance.

■ Normally, the conclusions that we have reached would warrant the dismissal of plaintiff's suit. It seems likely, however, that plaintiff's failure to plead the unconstitutionality of the ordinance resulted from the original opinion of the trial judge, in which he indicated that the existence of an *ordinance,* irrespective of its validity, would require the dismissal of the mandamus proceeding. During oral argument, municipal counsel suggested the possibility of a remand to enable the trial. judge to pass upon the constitutionality of the ordinance.[6]

Article 2164, LSA-C.C.P., permits this Court to remand a case in the interest of justice. Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463.

■ Under the circumstance of this case, we believe the ends of justice will best be served by remanding the case to the trial court to afford plaintiff an opportunity to amend his petition to plead the unconstitutionality of the ordinance.[7]

For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside, and the case is remanded to the Nineteenth Judicial District Court. Plaintiff is granted a period of fifteen days from the finality of this judgment to amend his petition to plead the unconstitutionality of Ordinance No. 2876. In default of such

6. Is should be noted that appellate jurisdiction is determined by the judgment of the trial court as to constitutionality. If the trial court declares a statue or ordinance unconstitutional, the appeal is direct to the Supreme Court of Louisiana. La.Const. Art. 7, Sec. 10(2).

7. The pleading of the unconstitutionality of the ordinance barring performance is essential to the plaintiff's cause of action in this mandamus proceeding, based upon the existence of a ministerial duty imposed by law. LSA–C.C.P. Art. 3863; State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665. See also Gautreau v. Board of Electrical Examiners, La.App., 167 So.2d 425. Normally, plaintiff would have attacked the constitutionality of the ordinance in his original petition. In the present case, however, the ordinance was enacted after suit was filed. Hence, plaintiff should be allowed to amend his petition to plead its unconstitutionality. LSA–C.C.P. Art. 1151. The pleading is not a replication prohibited by LSA–C.C.P. Art. 852, but a corrective amendment of the petition to state a cause of action.

amendment, plaintiff's suit is dismissed. If the plaintiff elects to amend, the district court shall conduct further proceedings according to law and consistent with the views herein expressed. Costs in this Court are assessed against the plaintiff, and the assessment of other costs is to await the final outcome of the suit.

HAMLIN, J., dissents, being of the view that the result reached by the Court of Appeal is correct. Art. 2164, C.C.P.

DIXON, J., dissents with written reasons.

McCALEB, Chief Justice (dissenting).

I am of the opinion that the Court erred in the instant matter in refusing to pass on the constitutionality of Ordinance No. 2876. It is true that no special plea to its constitutionality was offered in the district court. Nevertheless, replication is specifically prohibited in this State. Article 852 CCP. (This prohibition was also contained in the former Code of Practice, Article 329.) Consequently, all new allegations of the answer are open to every objection of law and fact without a special plea. Roy O. Martin Lbr. Co. v. Hodge-Hunt Lbr. Co., 190 La. 84, 181 So. 865; Galiano v. Galiano, 213 La. 332, 34 So.2d 881; and City of New Orleans v. Leeco, 219 La. 550, 53 So.2d 490. This

rule was especially applicable in this case, where it appears that the fact of the passage of the ordinance, on which the defendant relies, did not occur until after a judgment had been rendered in plaintiff's favor.

I respectfully dissent.

DIXON, Justice (dissenting).

We have today remanded the case to the district court "to afford the plaintiff an opportunity to plead the unconstitutionality of the ordinance."

Even if there were no other considerations involved, it would seem a superfluous procedure to send the plaintiff back to the district court to raise an issue he has already raised and which has already been decided by the Court of Appeal. The record before us is complete as to this issue. The remand will add nothing of substance to the case. It will merely fulfill a formal requirement.

Further, it is to be noted that the ordinance, the constitutionality of which is in question, was passed after the district court had rendered judgment in this case, and was raised as a defense at the new trial granted on defendant's motion.

No procedural device allowed by the Code of Civil Procedure was available to this plaintiff to satisfy what we call the "plea of unconstitutionality." It is possible

that the plaintiff, met for the first time on new trial with an ordinance enacted after judgment on the trial on the merits, might have made an effort to file an amended petition. Such a pleading, however, would be more in the nature of a replication, prohibited by C.C.P. 852:

"* * * No replicatory pleadings shall be used and all new matter alleged in exceptions, contradictory motions, and answers, whether in a principal or incidental action, shall be considered denied or avoided."

While concurring, in the main, with the majority opinion, I must respectfully dissent from that portion which requires the case to be remanded.