307 So.2d 101 (1975)
Graham BECKER, III, et al.
v.
ALLSTATE INSURANCE COMPANY et al.
No. 54973.
Supreme Court of Louisiana.
January 20, 1975.
Darryl J. Carimi, Bordelon & Carimi, Gretna, for plaintiff-applicants.
Felicien P. Lozes, New Orleans, for defendants-respondents.
SANDERS, Chief Justice.
Plaintiffs filed a petition for damages against defendants and, in the petition, requested a jury trial. Attached to the petition was an order authorizing the jury trial and fixing bond for the judge's signature. Two days later the district court judge, in chambers, signed the order requiring plaintiffs to file a bond for $250 on or before October 2, 1973. Plaintiffs received no notice that the order had been signed; they did not file their bond until December 7, 1973, after the expiration of the time fixed by the trial judge. Later, on a rule to show cause filed by defendants, the trial judge recalled the order granting a jury trial. After applying unsuccessfully to the Court of Appeal, plaintiffs made timely application to this Court for remedial writs, which we granted. La., 299 So.2d 352 (1974).
Plaintiffs contend that the trial court erred in rescinding the order for a jury trial because of plaintiffs' failure to comply timely with an order of which they were unaware.
We find no error in the ruling of the trial judge requiring the case to be heard by the court without a jury. The order for a jury trial attached to the petition is an ex parte order, which can be *102 signed by any judge of the court at the time the petition is filed. Rule 8, Section 3, Rules of the Civil District Court, Parish of Orleans (attached to stipulation). When an attorney at law allows the Clerk of Court to present the order to the judge for him, he is not entitled to formal notice of the signing. Rather, he is charged with the same knowledge that he would have had if he had presented the order to the judge personally.
The jury trial statute applicable to Orleans Parish, LSA-R.S. 13:3105, provides:
"Those serving as jurors in the trial of civil cases triable by a jury in the Civil District Court for the Parish of Orleans shall be entitled to compensation of sixteen dollars each for each and every day, or part of a day, on which they serve as jurors in any civil case, the said sum total to be charged as costs and paid by the party cast for such costs. The party paying for the jury shall deposit with the clerk of the civil district court the sum of sixteen dollars as jury costs and shall give bond in favor of the said clerk for such amount as may be determined by the judge presiding over the division of the civil district court to which the case has been allotted for trial, to cover the additional cost and compensation to be paid to the jury. No case triable by jury shall be placed on the court's jury trial docket or fixed for trial unless the deposit is made and the bond given. If such deposit and bond is not deposited and filed within the time fixed for so doing by the court, the opposing party shall have a right to demand that the case be tried by the court, rather than by a jury." (Italics ours.)
The statute is explicit. If the bond is not timely filed, the opposing party has the right to demand a trial by the court alone. The trial judge here followed the mandate of the statute.
Plaintiffs strongly rely upon two decisions dealing with jury trial procedures: Jennings v. Coleman, 250 So.2d 845 (La. App. 4th Cir. 1971) and Campbell v. Bogalusa Country Club, Inc., 246 So.2d 277 (La.App. 1st Cir. 1971). Neither of these cases involved the above statute. Both are distinguishable on factual and legal grounds.
In this Court, plaintiffs attack the constitutionality of LSA-R.S. 13:3105, alleging that the statute denies equal protection of laws to a person seeking a civil jury trial in Orleans Parish. They assert that in Orleans Parish more is required to secure a jury trial than in other parishes. Since the plaintiffs did not attack the statute's constitutionality in the trial court, the issue is not before us here. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971) and cases cited therein.
For the reasons assigned, the ruling of the Civil District Court for the Parish of Orleans is affirmed, and the case is remanded to that court for further proceedings.
TATE, J., dissents and assigns reasons.
BARHAM, J., dissents with reasons.
TATE, Justice (dissenting).
I respectfully dissent.
La.R.S. 13:3105 provides that a case shall not be placed on the jury trial docket unless the deposit and the bond fixed by the court are given. To enforce this provision, the statute also provides that if the deposit and bond are not made within the time fixed by the court, then the opposing party shall have a right to demand that the case be tried by the judge alone instead of by the jury.
In the present case, bond was filed and the deposit was made. It was filed, it is true, after the date originally fixed by the court. (The attorneys for the plaintiff had received no notice that the order had been signed.)
*103 After the bond was filed, the defendants for the first time questioned its filing as untimely. They filed a rule to show cause why the order granting a jury trial should not be vacated because of the failure to file the bond earlier.
The majority is in error in denying the plaintiffs a jury trial under the circumstances. The obvious legislative purpose of the penalty (loss of a jury trial) is to provide a sanction for those who do not file the deposit and bond. However, construing the statute in the light of common sense and of the strong constitutional policy favoring jury trials if requested, I see no reason to construe the statute so technically as to hold that, where the opponent has not previously sought to enforce the sanction, a party may nevertheless forfeit his right to a jury trial even after he has filed his bond (so there is no longer any need for the sanction).
Therefore, I would hold that, where the opponents had not previously sought to enforce their statutory right to recall the order granting a jury trial upon the plaintiff's failure to make bond timely, the right became moot and was waived after the bond and deposit had been made. No legislative or sensible purpose is served by the majority's technical construction of the statute to the contrary.
For these reasons, I therefore respectfully dissent.
BARHAM, Justice (dissenting).
I respectfully dissent.
I believe that the majority is in error in denying plaintiffs' jury trial under the circumstances. The requirement of La.R.S. 13:3105 that the deposit and bond be filed is not a mere formality that must be complied with. The reason such a requirement exists is so that a deposit and bond will be available to cover the costs of the jury trial. In this case, once the deposit and bond were filed, albeit after the time set by the court, the purpose of requiring them to be filed was fulfilled.
The statute permits the opposing party the right to demand a judge trial if the deposit and bond are not made within the time fixed by the court, but this right does not become enforceable until it has been asserted by that party. In the case before us the defendants lost their right to assert their demand for a judge trial by not doing so before the bond and deposit were actually filed. The defendants lost their right to complain because the reason for such a complaint had disappeared, i. e., the security for costs had been posted. The majority opinion does violence to this State's policy of favoring jury trials.
For the reasons assigned, I respectfully dissent.