LEMMON, Judge
(concurring in part).
I disagree with that portion of our judgment which reduces the interest rate to 2%.
If a person fails to timely pay sales tax which the State détermines to be due, R.S. 47:1601 requires that he pay interest at the rate of 1% per month, in addition to a monetary penalty imposed by R.S. 47:1602. Yet if the person timely pays the tax under protest and prevails in the subsequent litigation, he is only entitled under R.S. 47:1576 to collect interest at the rate of 2% per annum.
In my opinion R.S. 47:1576’s provision for unequal treatment as to the rate of interest unconstitutionally differentiates without reasonable basis between the taxing authority and the taxpayer. The difference in rates cannot be justified on the basis that the State needs statutory sanctions in order to enforce payment of taxes, although this reasoning perhaps justifies the statutory penalty.
I state these dissenting observations in a concurring opinion because unconstitutionality was not pleaded in the trial court. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971). [1]

. C.C.P. art. 2164 mandates an appellate court to “render any judgment which is just, legal, and proper upon the record on appeal.” (Emphasis supplied.) The rule adopted in the Summerell case amends this article to disallow just, legal, and proper judgments based on patent but unpleaded unconstitutionality.
I respectfully disagree with this theory which effectively, ranks a jurisprudential rule of procedure higher than a constitutional requirement.