PER CURIAM.
John R. Perez, Jr. seeks to enjoin the holding of the August 14, 1976 open primary election for Judge, Division “D”, 22nd Judicial District, and to obtain a writ of mandamus ordering the Governor, the Secretary of State and the 22nd Judicial District Democratic Executive Committee to call an election pursuant to the provisions of R.S. 18:384, et seq., for the said office.
He seeks this relief on the ground that Sections 16, 17 and 18 of Act 46 of 1976, which created the said judgeship, among others, are unconstitutional for various reasons.
Defendants Edwin W. Edwards, Governor of Louisiana, and Paul J. Hardy, Secretary of State, filed various exceptions, including a peremptory exception of unauthorized use of summary process, all of which were overruled by the trial court.
After trial on the merits, judgment was rendered, declaring Act 46 of 1976 to be constitutional, and dismissing plaintiff’s suit. From that judgment plaintiff has appealed. Defendants Edwards and Hardy have also appealed the judgment overruling their exceptions.
We acknowledge that constitutional issues may properly be raised in these proceedings and for that reason reject defendants’ claim that summary process is not a proper vehicle in this instance. See Summerell v. Phillips, 258 La. 587, 247 So.2d 542. But we decline to consider the constitutional objections raised by plaintiff for we believe it is not proper for us to enjoin the election at this late date. Appellate courts are obligated to render any judgment which is just, legal, and proper upon the record on appeal. LSA-C.C.P. Art. 2164.
The protection of plaintiff’s individual right to have his name on the ballot at this time is far outweighed by the chaos which would occur by our enjoining the election at this late date. Other candidates have qualified according to the Governor’s proclamation for the election call and in reliance thereon have conducted their campaigns. Absentee ballots have been cast and most, if not all of the election procedures have been completed except for voting on the candidates. No irreparable injury will occur if the election is allowed to proceed for if the statute calling the election is unconstitutional as plaintiff contends, its validity can be challenged just as well after the election. It is well settled that a preliminary injunction will issue only when the plaintiff has shown that he will suffer irreparable injury if it is not granted. Melancon v. Assumption Parish Police Jury, La.App., 231 So.2d 690, and cases cited therein. Furthermore, if the act is subsequently declared unconstitutional, then there is no reason to believe that the Governor will refuse to call another election which complies with the Constitutional guidelines and for that reason the mandamus is premature.
For these reasons, the judgment of the trial court dismissing plaintiff’s suit at his cost is affirmed.
AFFIRMED.