CULPEPPER, Judge.
The plaintiff, J. B. Willis, owns a farm containing approximately 17 acres. He seeks a judgment against the defendant, Southwest Louisiana Electric Membership Corporation, ordering it to remove from his farm an electric line and a pole. The defendant contends it has acquired a servitude for the line and the pole under LSA-R.S. 12:428. The district judge found the defendant had acquired such a servitude. From a judgment dismissing his suit, plaintiff appealed.
The district judge gave detailed reasons for judgment in which he found as a fact that the defendant had maintained the electric distribution line and pole in question on plaintiff’s farm, without interruption, for several years. Under these facts, the trial judge correctly concluded that defendant had acquired by prescription a servitude under the provisions of LSA-R.S. 12:428.
On appeal, the plaintiff makes an additional argument that LSA-R.S. 12:428 violates the provisions of the Louisiana Constitution of 1974, Article 1, Section 4, which prohibits the taking of private property by an expropriating authority without paying the owner just compensation. Plaintiff made this constitutional argument in his brief in the district court, and he has re-urged it in his brief in this court, but he did not specially plead it in the district court. In his written reasons, the district judge stated that the constitutional issue was not before his court because it was not specially pleaded, citing Barnes v. Dixie Electric Membership Cooperation, 323 So.2d 247 (1st Cir. 1975). We agree that the issue *1315 was not before the district court. Also, the constitutional issue is not properly before this Court of Appeal, because it was not specially pleaded nor were the grounds particularized in the trial court, Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).
On appeal, plaintiff argues for the first time that electric lines are discontinuous servitudes, and that Act 514 of 1977 amended our Civil Code by adding Article 739 which provides that “Nonapparent ser-vitudes may be acquired only by title”. This issue is also not properly before us because Act 514 of 1977, amending in certain respects the provisions of our Civil Code as to servitudes, did not become effective until after this suit was filed on February 7, 1977.
In oral argument before this Court, plaintiff made an additional contention that LSA-R.S. 12:428 provides only for the acquisition of servitudes for “electric transmission and distribution lines”. Plaintiff argues that the line in question here is neither a transmission line nor a distribution line, but is only a service line, since it was constructed and maintained by the defendant for the sole purpose of servicing plaintiffs farm. During the trial, plaintiff attempted, without success, to elicit from the witness, Robert Heatherwick, Jr., chief engineer for defendant, expert opinion to the effect that the line in question was a service line and not a transmission or distribution line. This witness’ testimony is un-contradicted that the line in question is a distribution line. He said that the term “service line” is sometimes applied to the low voltage, insulated wire that runs from the last pole to the customer’s house or place of business. However, the witness testified positively that the line in question here, which runs from the 3 phase line on the highway a distance of about 220 feet to the pole on plaintiff’s farm, is a distribution line. This testimony by Mr. Heatherwick is uncontradicted. In the record before us, there is no evidence on which to base a finding that the line in question is not a distribution line covered by LSA-R.S. 12:428.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.