WICKER, Judge.
This appeal arises from a petition for injunctive relief filed on behalf of the City of Kenner against Southeast Equipment Company, Inc. and Thomas Benigno seeking to enjoin the expansion of a nonconforming use in an area zoned two-family residential. The trial judge granted a permanent injunction. The defendants have appealed. We reverse.
After the hearing on the preliminary injunction on May 23, 1986 and August 12, 1986 the trial judge denied relief. There was no stipulation that the trial court would consider both the preliminary and permanent injunction hearings at one time. Thus, a second hearing was set on the permanent injunction August 28, 1991. The parties stipulated that the witnesses who previously testified would testify the same if called again. There were additional witnesses called for the hearing on the permanent injunction. It is uncontested that the location in question is zoned R-2 *786 residential. The issue is whether Southeast Equipment enjoys the exception of a legal nonconforming use. The City of Ken-ner argues that to do so, his business must meet the same nonconforming use classification enjoyed by its two predecessors; namely, South Central Bell Telephone Company and A-l Asphalt. The City of Ken-ner contends Southeast has illegally expanded the nonconforming use from the Special Industrial classification of its predecessors to Light Industrial. Southeast argues its immediate predecessor, A-l Asphalt, engaged in similar business activities and that the zoning ordinance is unconstitutionally vague as applied to the facts of this case.
The defendants have specified the following errors: ,
1. The comprehensive zoning ordinance of the City of Kenner is unconstitutionally vague in its application, and
2. The City of Kenner failed to prove its case by a preponderance of the evidence.
PLEA OF UNCONSTITUTIONALITY:
After the City of Kenner rested at trial the defendants orally stated the following exception:
Your Honor please, at this time the defendant will except to the plaintiffs petition to state a right of action, or a cause of action based on the unconstitutionality of the provisions of the comprehensive zoning ordinance of the City of Kenner by virtue of their failure to state — for failure to furnish an objective standard by which the ordinance can be administered.
The City of Kenner objected to the plea of unconstitutionality not being specially pled. On the other hand the defendants argue they had to wait for the evidence to make the determination that the zoning ordinance, as applied to this case, was unconstitutionally vague. The defendants point out that the testimony indicates the zoning ordinance does not define “heavy equipment.” However, Keith M. Chiro, Sr.’s testimony in that regard was given in the previous hearing of May 23, 1986 on the preliminary injunction and no plea of unconstitutionality was raised then even with the benefit of having this evidence.
The City of Kenner also argues that the attorney general of the state should have been served with these proceedings pursuant to La.C.Civ.P. art. 1880. That article provides:
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.
The defendants contend that only in declaratory judgment actions is it required that the attorney general be served. They cite the following cases from the Fourth Circuit for that proposition: Cross v. Waguespack, 308 So.2d 321 (La.App. 4th Cir.1975), and Butler v. Flint-Goodridge Hospital of Dillard, 347 So.2d 1308 (La.App. 4th Cir.1977).
However, the Louisiana Supreme Court held that service on the attorney general was required in a negligence action whereby the plaintiff asserted “he should be permitted a jury trial against [a public agency] for the reason that La.R.S. 13:5105, barring jury trials against a governmental subdivision, is unconstitutional.” Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308, 1311 (La.1984).
The court held at 1311:
For the following reasons that argument will not be considered here. The constitutionality of a statute must first be questioned in the trial court, not the appellate court. Johnson v. Welsh, 334 So.2d 395 (La.1976); Becker v. Allstate Insurance Co., 307 So.2d 101 (La.1975); Summerell v. Phillips, [258 La. 587,] 247 So.2d 542 (La.1971) and cases cited therein. The plea of unconstitutionality *787 must be specially pleaded to be considered by the court. Johnson v. Welsh, 334 So.2d 395 and cases cited therein. No assertion of unconstitutionality was pleaded prior to the brief filed in this Court. Further, where the constitutionality of a statute is at issue, the Attorney General must be served and is an indispensable party. La.C.C.P. art. 1880. The Attorney General was not served nor was he made a party to this action. Accordingly, we do not reach the issue of the constitutionality of La.R.S. 13:5105.
In a later decision, however, the Fourth Circuit followed Lemire in a medical malpractice case in which the constitutionality of the statute of limitations provision was raised for the first time on appeal. Travers-Wakeford v. St. Pierre, 585 So.2d 580 (La.App. 4th Cir.1991), writ denied, 592 So.2d 409 (La.1992). The Travers-Wakeford court held at 583:
the plea of unconstitutionality must be specially pleaded to be considered and the Attorney General must be served and is an indispensable party when the constitutionality of a statute is at issue.
Furthermore, the defendants did not specially plead the unconstitutionality of the ordinance. The Louisiana Supreme Court has held in Stovall v. City of Kenner, 199 La. 195, 5 So.2d 547 (La.1941) 5 So.2d at 552:
This Court will not consider a constitutional question unless it has been raised by the pleadings. State v. Ross, 144 La. 898, 81 So. 386. All laws are presumed to be constitutional until the contrary is made clearly to appear and he who urges the unconstitutionality must specially plead its unconstitutionality. Milton v. Lincoln Parish School Board, 152 La. 761, 94 So. 386; City of Shreveport v. Pedro, 170 La. 351, 127 So. 865; Ward v. Leche, 189 La. 113, 179 So. 52.
In Mouton v. Bourque, 253 So.2d 689 (La.App. 3rd Cir.1971) the Third Circuit addressed the reviewability of a constitutional attack raised for the first time via an application for a new trial. It held at 691:
The unconstitutionality of a statute is an affirmative defense and must be specially pleaded, [citations omitted]. .Since the issue was not raised in the pleadings we will not consider it.
In City of New Orleans v. Plotkin, 205 La. 490, 17 So.2d 719 (La.1944) the Supreme Court dismissed an appeal wherein the alleged constitutionality of a city zoning ordinance, though pled, had not been properly pled as it was too vague.
Even assuming the constitutional issue were properly before this court we find no merit to the contention that the ordinance is vague as applied to the defendants for the reasons discussed below.
BURDEN OF PROOF:
The defendants argue the trial judge erred in finding the City of Kenner met its burden of proving Southeast had expanded the prior nonconforming use. In particular they assert that a definition of “heavy equipment” is crucial to the distinction between Special and Light Industrial. They correctly point out that the expert testimony is consistent that the ordinance has no objective criteria for defining this term. However, there was disagreement between the two City of Kenner witnesses who testified regarding the relevance of such a definition in the ordinance to a determination of classification in this case.
At the hearing on the preliminary injunction, Keith M. Chiro, Sr. testified he is Operations Manager of the Regulatory Department of the City of Kenner. He viewed both South Central Bell and A-l Asphalt as being in the Special Industrial Classification. He stated one of the basic differences between Special Industrial and Light Industrial was whether or not the equipment was “heavy”. He noted the distinction between A-l Asphalt and Southeast as Southeast’s having heavy road building equipment on the site. However, he admitted the zoning ordinance had no objective criteria for making this distinction. Thus, Chiro essentially made a subjective determination regarding the classification rather than an objective one based upon the ordinance.
On the other hand, Donald Terranova, a City of Kenner expert in planning and zon *788 ing matters, testified at the later hearing on the permanent injunction regarding a different basis for making the distinction. In his reasons for judgment the trial judge gave greater weight to Terranova’s testimony. Terranova stated that the type of equipment Southeast had on the premises was not determinative of his classifying the use of the property as Light Industrial. Instead, his decision was based on Southeast’s conducting its business on the site whereas its predecessors had conducted business off the site.
Although the terms, “on site” and “off site” are not used in the zoning ordinance those terms used by Terranova convey a distinction germane to this issue. The two applicable sections of the ordinance are Article XIV, Section 14.03(A)(28) and Article XV, Section 15.02(A)(62). Article XIV is the article defining Special Industrial District whereas Article XV defines Light Industrial District. Sections 14.03 and 15.02, respectively, specify the permitted uses.
Section 14.03(A) in the Special Industrial section states:
A building or land shall be used only for the following purposes: [emphasis added].
Number 28 is as follows:
Contractors’ office, shops and storage yard. The office and shops must be in a completely enclosed building and any vehicles, articles or materials which are stored in an open area outside the building must be enclosed within a solid wood or masonry fence of such height, (6) feet minimum, to adequately screen the area from public view, [emphasis added].
Thus, this category describes the use of the property as a “storage yard” with the implication being that work is done off the site rather than on the site. In contrast, Section 15.02(A)(62) in the Light Industrial section states:
A building or land shall be used only for the following purposes: [emphasis added],
62. Bulldozer, baekhoe, crane, and other large industrial commercial vehicles, and equipment, sales and repair. [emphasis added].
Since the above category concerns “sales and repair” such a phrase implies that business is conducted on the site rather than off the site.
Terranova was never asked the classification for South Central Bell. Chiro stated his opinion that South Central Bell fell within Special Industrial but did not base this conclusion on the zoning ordinance.
The testimony of Rodney Charbonnet, an employee of South Central Bell, is uncon-troverted that South Central Bell used the property for storage of its trucks. Char-bonnet testified:
All we did was house the trucks when the repairmen left during the day, when they would return in the evenings, the trucks were housed for the next day’s work. Just a parking lot for trucks.
Although Chiro testified South Central Bell’s use of the property was Special Industrial he stated South Central Bell used the yard for storage of cable repair trucks. That use is specifically listed as a use in Light Industrial as opposed to Special Industrial. Article XV, Section 15.02(A)(61) lists the following Light Industrial permitted use:
Storage yards for automobiles, trucks, and camping and recreational equipment, [emphasis added].
Article XIX, Section 19.04 provides:
CHANGE IN USE
A nonconforming use may be changed to a use of the same classification or more restrictive classification. Whenever a nonconforming use of a building or land has been changed to a more restrictive use, such use shall not thereafter be changed to a less restrictive use.
The paramount issue then is whether A-1 Asphalt continued the Light Industrial use of South Central Bell or whether it changed the use to the restrictive use of Special Industrial.
Chiro felt A-l Asphalt fell into Article XIV, Section 14.03(A). He saw the distinction between A-l Asphalt and Southeast as Southeast’s having heavy road building *789 equipment on the site. However, he admitted the zoning ordinance had no objective criteria for making this distinction.
George Trayal testified he is an asphalt paving contractor. He admitted repairing and welding equipment on the premises. Chiro admitted A-l Asphalt did not adequately screen materials from public view. He stated he inspected A-l Asphalt and noted:
As far as the screen, I don’t remember any areas they had screen in. They had moved their fence back off the property line on one occasion, but I don’t recall it being screened, any materials being screened from view.
The Special Industrial permitted use Number 28, “Contractors’ Office, shops and storage yard” makes it mandatory that stored materials be screened adequately from view. City of Kenner Zoning Ordinance Article XIV, Section 14.03(A)(28). Thus, despite the conclusion made by Chiro and Terranova that A-l Asphalt fell into the Special Industrial District, it does not meet the requirement for doing so. Instead, the zoning ordinance provides a category in the Light Industrial District which A-l Asphalt meets. Article XV, Section 15.02(A)(1) provides for the following permitted Light Industrial use:
Any use permitted in a S-l Special Industrial District.
But for its failure to meet the mandatory requirements for the type of contractors’ yard permitted in Special Industrial, it then necessarily falls into the Light Industrial District under the above use. No other Light Industrial nor Special Industrial use applies. Furthermore,
A zoning ordinance, being in derogation of the rights of private ownership, must be construed, when subject to more than one reasonable interpretation, according to the interpretation which allows the least restricted use of the property, [citation omitted].
City of New Orleans v. Elms, 566 So.2d 626, 632 (La.1990).
We construe Article XV, Section 15.-02(A)(1) to provide for those instances in which a business would normally be Special Industrial but some of the requirements of the Special Industrial District are not met.
We therefore consider South Central Bell’s Light Industrial nonconforming use to have been continued by A-l Asphalt. We agree with the trial judge that Southeast clearly falls within the Light Industrial classification provided for in Article XV, Section 15.02(A)(62).
Thomas A. Benigno, the President and owner of Southeast, testified the nature of his business is selling and leasing construction equipment. He is not a contractor nor is he in the construction business. He explained:
we supply contractors with equipment for their different projects. We go out, and we buy equipment, excess equipment from contractors, bring it in, resell it or rent it on different projects.
He stated the type of equipment supplied by Southeast are “backhoes, bulldozers, anything that’s classified as equipment, at all.” He admitted his company repaired bulldozers, backhoes, cranes, and other large equipment.
Accordingly, for the reasons stated, the judgment granting the permanent injunction is now reversed and judgment is now rendered in favor of defendants, Southeast Equipment Company, Inc. and Thomas Be-nigno, dismissing plaintiff’s, City of Ken-ner’s, suit at appellee’s cost.
REVERSED AND RENDERED.