292 So.2d 742 (1974)
Manfred M. BYE, Jr.
v.
Clarence B. GIARRUSSO, Individually and as Superintendent of the New Orleans Police Department.
No. 5711.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Peter J. Compagno, New Orleans, for plaintiff-appellant.
Charles C. Foti, Jr., New Orleans, for defendant-appellee.
Before REDMANN, J., and HUFFT and WICKER, JJ. pro tem.
PRESTON H. HUFFT, Judge pro tem.
Plaintiff, Manfred M. Bye, Jr., has appealed from a judgment dismissing his petition for a writ of mandamus on exceptions of no right or cause of action.
Plaintiff seeks to compel the defendant, Clarence B. Giarrusso, individually and as Superintendent of the New Orleans Police Department to pay him for the annual leave accrued to his credit at the time of his dismissal for cause from the Police Department under Rule IX of the Civil Service Regulations of the City of New Orleans. The plaintiff did not appeal his dismissal from the force and does not contest now his dismissal but filed the petition for a writ to enforce payment for the 52¾ days of annual leave accrued to his credit when he was dismissed on November 21, 1969. In his petition for the writ, plaintiff alleged that he was entitled to the payment for unused accumulated leave in accordance with Civil Service Rule VIII, Paragraph 1.7 and that despite repeated oral and written demands the defendant had failed to perform this ministerial duty.
The defendant resisted plaintiff's efforts on the basis that the action he was called upon to perform was discretionary in nature and the writ of mandamus would lie only to compel the performance of a purely ministerial duty required by law. In support of the contention that the duty was discretionary, the defendant cited the following pertinent provisions of Rule VIII, Paragraph 1.7, Civil Service Regulations of the City of New Orleans.

*743 "1.7Upon an employee's death, termination of employment, or entry into active duty with the Armed Forces of the United States after completion of his sixth month of Service, all annual leave accrued to his credit shall be paid; except that:
(a) * * *
(b) * * *
(c) Where the employee is removed under the provisions of Rule IX he shall not be entitled to annual leave; provided, however, that the appointing authority, may in his discretion, allow the removed employee all of his accrued annual leave, or any portion thereof."
The jurisprudence interpreting Article 3863 of the Civil Code of Procedure " to compel the performance of a ministerial duty required by law"has made it clear that a writ of mandamus will lie only to compel the performance of duties that are purely ministerial in nature, duties which are so clear and specific that no element of discretion can be exercised in their performance. State ex rel. LeBlanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192 (1956), Karno v. Louisiana Tax Commission, 233 So.2d 592, (La.App. 4th Cir. 1970), writ refused 256 La. 251, 236 So.2d 30 (1970).
On the basis of the record before it, the lower court correctly held that Paragraph 1.7(c), in placing in the hands of the appointing authority the discretion to allow or disallow compensation for accrued leave in the case of an employee dismissed for cause under Rule IX, made the action sought to be compelled a discretionary one and dismissed the petition for a writ of mandamus as this was not the procedural device to compel the performance of a discretionary act.
However, in argument before this Court, appellant urged for the first time that Civil Service Rule VIII, Paragraph 1.7(c) was violative of the Constitutions of the United States and the State of Louisiana. It was contended that if Paragraph 1.7(c) was declared unconstitutional, there would remain only the ministerial duty of computing the amount of compensation due for the 52¾ days of accrued leave.
In view of the nature of the argument presented on appeal, this Court was confronted with two additional questions:
(1) May a plaintiff in a mandamus proceeding attack the constitutionality of a statute or ordinance which bars the performance sought by the writ?
(2) May a plaintiff in a mandamus proceeding attack the constitutionality of a statute or ordinance in the appellate court without having plead its unconstitutionality in the trial court?
Both of these questions were answered by the Supreme Court in its decision in Summerell v. Phillips, 258 La. 587, 247 So. 2d 542 (1971), involving the writ of mandamus.
The Supreme Court in Summerell disposed of the first question in the following manner:
"Accordingly, we hold that the plaintiff in a mandamus proceeding may attack the constitutionality of a statute or ordinance excusing the defendant's performance."
The second question was also presented squarely to the Supreme Court in Summerell. The Court of Appeal despite the silence of the pleadings as to the issue of constitutionality declared the ordinance to be unconstitutional. The Supreme Court overruled the Court of Appeal and set aside its determination with the following comment:
"In the present case, because of the inadequacy of the pleadings, the Court of *744 Appeal erred in passing upon the constitutionality of the ordinance."
Under the circumstances of this case, we believe the ends of justice will best be served by remanding the case to the trial court to afford plaintiff an opportunity to amend his petition to plead the unconstitutionality of Rule VIII, Paragraph 1.7(c) Civil Service Regulations of the City of New Orleans.
For the reasons assigned, the judgment of the lower court is affirmed and the case is remanded. Plaintiff is granted a period of fifteen days from the finality of this judgment to amend his petition to plead the unconstitutionality of Rule VIII, Paragraph 1.7(c). In default of such amendment, plaintiff's suit is dismissed. If the plaintiff elects to amend, the lower court shall conduct further proceedings according to law. Plaintiff-appellant is to pay the cost of this appeal.
Remanded.