SEXTON, Judge.
The defendant-appellant, the East Carroll Parish Police Jury, appeals from the judgment of the Sixth Judicial District Court, the Honorable Cliff C. Adams, presiding, rendered in favor of the plaintiff-appellee, David J. Elliott, ordering the East Carroll Parish Police Jury to grant the permit to plaintiff to install culverts in a drainage ditch.
This action was commenced by a petition for a writ of mandamus filed by plaintiff-appellee, David J. Elliott, on April 8, 1982, seeking an order directing the defendant-appellant, the East Carroll Parish Police Jury, to grant a permit to plaintiff to install culverts in parish drainage ditch L-6E. The plaintiff farms approximately 1,000 acres in East Carroll Parish under lease from his father, Joe Elliott, and also leases approximately 83 acres from his uncle, Harvey Elliott. The plaintiff farms rice and soybeans, both of which require the use of large heavy equipment.
The property farmed by David J. Elliott is divided by a parish drainage ditch L-6E. On three different occasions, the plaintiff applied to the East Carroll Parish Police Jury for a permit allowing him to install two nine foot culverts in the drainage ditch, thereby giving him a crossing between the two tracts of land divided by the ditch. The plaintiff proposed to install the culverts in the drainage ditch L-6E at a point below the confluence of two lead ditches from a low lying area, approximately 200 feet downstream from the Joseph Elliott metal weir.
The following facts regarding the permit applications are taken from the testimony of Mr. O.C. Reed, the Secretary-Treasurer of the East Carroll Parish Police Jury.
The plaintiff made his first application for a permit on August 26, 1981. At the police jury meeting a letter was read from the Louisiana Office of Public Works which made a recommendation of a drainage structure at plaintiff’s proposed site of two 108 inch diameter tank or boiler type culverts or a bridge of three spans at 17 feet each. In response to plaintiff’s application, the jury authorized the issuance of a permit to construct a bridge, but not to install culverts. The plaintiff made his second written request for a permit on March 24, 1982. The jury, with some opposition, disapproved this request because litigation was “still pending.”[1] On April 4, 1982, the plaintiff made his third written request to install culverts at his proposed site. The jury denied this request, but did authorize a permit for culverts in drainage ditch L-6E1, near where an old steel bridge of insufficient size is still located.
This location the jury approved is upstream from the location plaintiff sought and crosses the smaller ditch, L-6E1. This ditch joins L-6E (which at that point is just about the same size as L-6E1) somewhat above the desired location of the plaintiff, and thus the plaintiff’s proposed location would cross a ditch significantly larger than the ditch the jury authorized plaintiff to cross.
Plaintiff’s location does provide much easier access for him as it would allow him to cross almost directly between fields being farmed by him. Otherwise he would have to travel a significant distance to the north to an existing culvert crossing L-6E (before its joinder with L-6E1), and then travel back the same distance south to cross L-6E1 at the jury’s proposed location.
Plaintiff filed a writ for mandamus seeking to compel the police jury to issue the permit for a crossing at his desired location. An exception of no cause of action and *1198 answer were filed by the defendant. The exception was referred to the merits and the case was tried, resulting in the judgment favorable to the plaintiff. The exception was not mentioned in either the judgment or in the trial court’s orally rendered reasons for judgment, and was in effect overruled.
Among its specifications of error, the defendant avers that the trial court erred in overruling the exception of no cause of action, and in holding that mandamus was the proper procedure through which to compel the East Carroll Parish Police Jury to permit plaintiff to install culverts in a parish drainage ditch. We reverse and sustain the exception of no cause of action, and therefore do not reach the remainder of the issues raised by the plaintiff.
The ordinance upon which the police jury relied for its authority provides in pertinent part as follows:
“BE IT ORDAINED by the Police Jury of the Parish of East Carroll, Louisiana that it shall be unlawful to install any bridge, causeway, culvert, low water crossing, dike, dam, weir, fence or any other type of structure or obstruction or (sic) any kind, and neither can any excavation, filling in, widening or any type of alteration be constructed in road ditch, drainage ditch, canel, river, or bayou in East Carroll Parish, excepting within the boundaries of the Town of Lake Providence, without prior approval of the East Carroll Parish Police Jury. Any ordinance or resolution previously enacted in conflict herewith is hereby repealed.” (emphasis added).
Plaintiff counters the jury’s assertion that mandamus is inappropriate in these proceedings by contending that the ordinance procedure is unconstitutional, asserting that Summerell v. Phillips, 282 So.2d 450 (La.1973), allows the use of mandamus as “the proper type of proceeding to test the constitutionality of a public body’s permit procedure.” Actually it was Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971), that dealt with this issue. There the Supreme Court noted that mandamus was a proper vehicle to test the constitutionality of a statute or ordinance that absolutely precluded the action sought. The Summe-rell cited by plaintiff was the appeal after remand and is thus not pertinent to the issue of the appropriateness of mandamus in these circumstances. The pertinent holding of the original Summerell, supra, at 247 So.2d 542, is as follows:
“... Accordingly, we hold that the plaintiff in a mandamus proceeding may attack the constitutionality of a statute or ordinance excusing the defendant’s performance.” (emphasis added).
The court in Bye v. Giarrusso, 292 So.2d 742 (La.App. 4th Cir.1974), rephrased the issue presented in Summerell:
“May a plaintiff in a mandamus proceeding attack the constitutionality of a statute or ordinance which bars the performance sought by the writ?” (emphasis added).
Bye applied the holding in Summerell to answer the above question in the affirmative.
It is important to note that Summerell authorized the use of mandamus to test the constitutionality of a public body’s ordinance which precluded or barred the body from taking the action requested by the plaintiff. In this case it is clear that the ordinance was discretionary and did not excuse or bar the action sought by the plaintiff. The jury obviously utilized discretion in authorizing the plaintiff to put in a bridge (rather than culverts) at the spot he wished and by later authorizing culverts at a different location. Additionally, it is obvious that the police jury considered each of the plaintiff’s applications and weighed the proposed structure with the alternatives, and voted to disapprove the permit applications.
It is well settled that under LSA-C.C.P. Art. 3863, a writ of mandamus may be directed to a public officer “to compel the performance of a ministerial duty required by law.” Our jurisprudence holds that mandamus lies only to compel performance of purely ministerial duties, or to cor *1199 rect any arbitrary abuse of discretion, and that the writ will not be issued in doubtful cases. Smith v. City of Alexandria, 300 So.2d 561 (La.App.3d Cir.1974); Smith v. Dunn, 263 La. 599, 268 So.2d 670 (1972). Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. Messer v. Department of Corrections, Louisiana State Penitentiary, 385 So.2d 376 (La.App. 1st Cir.1980). Also see Lyons v. Bossier Parish Police Jury, 262 So.2d 838 (La.App.2d Cir.1972). As we have noted the police jury indeed used its discretion in considering plaintiffs requests, thus mandamus does not lie as this is not a matter of a ministerial duty but one in which discretion and evaluation must be exercised.
For the foregoing reasons the judgment of the trial court is reversed and the exception of no cause of action is sustained at appellee’s cost.
REVERSED AND RENDERED.

. Apparently litigation was imminent rather than pending as this suit was filed on April 8, 1982.