DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOBY BOGORFF, ROBERT BOGORFF, BETH GARCIA, RONALD GARCIA, ROBERT PEARCE, BARBARA PEARCE** and **TIMOTHY DONALD FARLEY, ON BEHALF OF THEMSELVES AND THE CERTIFIED CLASS, AND CLASS COUNSEL ROBERT C. GILBERT, P.A./GROSSMAN ROTH, P.A., WEISS SEROTA HELFMAN COLE BIERMAN & POPOK, P.L., LYTAL, REITER, SMITH, IVEY & FRONRATH,** and **BERMAN DEVALERIO, LLP,**
Appellants,

v.

**FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES** and **THE FLORIDA COMMISSIONER OF AGRICULTURE,**
Appellees.

No. 4D14-4814

[May 4, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross, Judge; L.T. Case No. 00-18394(08)CACE.

Bruce S. Rogow and Tara Campion of Bruce S. Rogow, P.A., Fort Lauderdale, Robert C. Gilbert and Neal A. Roth of Grossman Roth, P.A., Coral Gables, William S. Williams of Lytal, Reiter, Smith, Ivey & Fronrath, L.L.P., West Palm Beach, Joseph H. Serota and Jamie Alan Cole of Weiss Serota Helfman Cole Bierman & Popok, P.L., Fort Lauderdale, and Michael J. Pucillo of Berman DeValerio, LLP, Palm Beach Gardens, for appellants.

Wesley R. Parsons and Karen H. Curtis of Clarke Silverglate, P.A., Miami, for appellees.

Pamela Jo Bondi, Attorney General, Allen Winsor, Solicitor General, and Rachel Nordby, Deputy Solicitor General, Tallahassee, for Amicus Curiae, State of Florida.

MAY, J.

In the latest chapter of "The Book of Citrus Canker" litigation, the class of Broward County homeowners whose healthy trees were destroyed in the

Citrus Canker Eradication Program ("Class") appeal an order that denied its motion to declare sections 11.066(3) and (4), Florida Statutes, unconstitutional, and its motion for relief from those statutory provisions. We conclude that the constitutional issue remains unripe and affirm.

The Class and Class counsel hold final judgments for money damages and attorney's fees, respectively, against the Florida Department of Agriculture and Consumer Services ("Department"). The circuit court previously granted the Department's motion to preclude issuance of a writ of execution. *See* § 11.066(4), Fla. Stat. (2015). We upheld that decision. *Dep't of Agric. v. Mendez*, 98 So. 3d 604 (Fla. 4th DCA 2012), *rev. denied*, 107 So. 3d 405 (Fla. 2012). But, we reversed the court's declaration that section 11.066(3) was constitutional "as applied" because the Class had "not yet availed itself of the appropriation process contemplated by section 11.066." *Id.* at 609. In short, the constitutional issue was not ripe.

The Department and the Attorney General, who has filed an *amicus curiae* brief in support of the Department, contend that the issue remains unripe as the Class has not pursued a claim bill.[1] We disagree. Nothing in section 11.066(3) refers to a claim bill. And, the Class sought a legislative appropriation, pursuant to subsection (3) without success.

In support of its motion to declare the statute unconstitutional, the Class presented sworn declarations from a state representative and senator attesting that their proposed appropriation amendments were submitted, but withdrawn before consideration at the request and direction of the chairs of the respective appropriations committees. The Class also submitted a sworn declaration of former Senator Alex Villalobos opining that the submission of a proposed amendment is the customary

---

[1]

> A claim bill, sometimes called a relief act, is a bill that compensates a particular individual or entity for injuries or losses occasioned by the negligence or error of a public officer or agency. It is a means by which an injured party may recover damages even though the public officer or agency involved may be immune from suit. Majority approval in both chambers of the Legislature is required for passage.

*Legislative Claim Bill Manual: Policies, Procedures, and Information Concerning Introduction and Passage*, the Florida Senate, Office of the President, and the Florida House of Representatives Judiciary Committee, at 2 (Revised 2014), *available                                                                                    at* https://www.flsenate.gov/PublishedContent/ADMINISTRATIVEPUBLICATIONS /leg-claim-manual.pdf.

means of seeking an appropriation and a claim bill is not. He also opined that a claim bill would not have been successful in the 2013 and 2014 legislative sessions. The trial court denied the motion.

The Class now appeals. It argues that it fulfilled subsection (3) and our mandate to pursue a legislative appropriation. Accordingly, the Class argues the constitutional issue is now ripe, and asks us to declare sections 11.066(3) and (4) unconstitutional as applied. The Department continues to argue that because the Class failed to file a claim bill, the constitutional issue remains unripe. We agree in part with the Department and affirm.

"It is a fundamental maxim of judicial restraint that 'courts should not decide constitutional issues unnecessarily.'" *In re Forfeiture of One Cessna 337H Aircraft*, 475 So. 2d 1269, 1270–71 (Fla. 4th DCA 1985) (quoting *Jean v. Nelson*, 472 U.S. 846, 854 (1985)). "It is a 'settled principle of constitutional law that courts should not pass upon the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds.'" *Pub. Def., Eleventh Judicial Circuit of Fla. v. State*, 115 So. 3d 261, 280 (Fla. 2013) (quoting *Singletary v. State*, 322 So. 2d 551, 552 (Fla. 1975)).

Statutes are presumed constitutional. "[W]e are obligated to . . . construe challenged legislation to effect a constitutional outcome whenever possible." *Fla. Dep't of Revenue v. Howard*, 916 So. 2d 640, 642 (Fla. 2005) (citations omitted). Our supreme court has explained:

> (1) On its face every act of the Legislature is presumed to be constitutional; (2) every doubt as to its constitutionality must be resolved in its favor; (3) if the act admits of two interpretations, one of which would lead to its constitutionality and the other to its unconstitutionality, the former rather than the latter must be adopted.

*State v. Giorgetti*, 868 So. 2d 512, 518 (Fla. 2004) (quoting *Gray v. Cent. Fla. Lumber Co.*, 140 So. 320, 323 (Fla. 1932)).

Subsection (3) of section 11.066, Florida Statutes, provides:

> (3) Neither the state nor any of its agencies shall pay or be required to pay monetary damages under the judgment of any court except pursuant to an appropriation made by law. *To enforce a judgment for monetary damages against the state or a state agency, the sole remedy of the judgment creditor, if there has not otherwise been an appropriation made by law to*

3

> *pay the judgment, is to petition the Legislature in accordance with its rules to seek an appropriation to pay the judgment.*

§ 11.066(3), Fla. Stat. (emphasis added). We agree with the Class that it pursued the subsection (3) remedy to no avail.

We disagree with the Department that the Class must pursue a claim bill. Had the Legislature required a claim bill, it would have said so. It did not. Therefore, the Class has fulfilled subsection (3)'s directive "to seek an appropriation to pay the judgment."

Subsection (4), however, provides an alternative remedy.

> Notwithstanding s. 74.091, a judgment for monetary damages against the state or any of its agencies may not be enforced through execution or any common-law remedy against property of the state or it agencies, and a writ of execution therefor may not be issued against the state or its agencies. Moreover, it is a defense to an *alternative writ of mandamus issued to enforce a judgment for monetary damages against the state or a state agency* that there is no appropriation made by law to pay the judgment.

§ 11.066(4), Fla. Stat. (emphasis added).

This provision allows a judgment creditor to seek a writ of mandamus to enforce a judgment for monetary damages. The plaintiff has not yet travelled this avenue. The Class argues that the additional language of subsection (3) that allows the State to defend a writ of mandamus by arguing "there is no appropriation made by law to pay the judgment" renders this option a fait accompli. We disagree. Had the Legislature decided that a petition for writ of mandamus could not secure payment, it would have said so. *See Haskins v. City of Ft. Lauderdale*, 898 So. 2d 1120, 1123 (Fla. 4th DCA 2005). It did not. Subsection (4) provides yet another alternative method for the Class to obtain payment of its judgment.

We pause to comment on the importance of section 11.066 to provide a means for compensation for the Department's taking of the Class members' property. Since the founding of our nation, the law has recognized, required, and enforced just compensation when government takes private property.

4

> No private property shall be taken except for a public purpose and with ***full compensation paid to each owner*** or secured by deposit in the registry of the court and available to the owner.

Art. X, § 6(a), Fla. Const. (emphasis added). Indeed, the United States Constitution contains a similar provision. Amend. V, U.S. Const. ("[N]or shall private property be taken for public use, without just compensation.").

The Florida Supreme Court has interpreted the takings clauses of the United States and Florida Constitutions coextensively. *See, e.g., Tampa-Hillsborough Cty. Expressway Auth. v. A.G.W.S. Corp.*, 640 So. 2d 54, 58 (Fla. 1994); *Joint Ventures, Inc. v. Dep't of Transp.*, 563 So. 2d 622, 623 (Fla. 1990).

While the government has the ability to establish procedures for payment of its constitutional obligation, it does not have the luxury of avoiding it. Should the Class fail in obtaining a writ of mandamus, pursuant to section 11.066(4), the constitutional issue will ripen, and the courts will be left with no choice but to enforce Article X, section 6(a), of the Florida Constitution.

The Class obtained a money judgment for property taken by the Department many years ago. The Department does not contest the Class's right to receive full compensation. The government must fulfill its constitutional obligation to pay its debt. However, should the Class succeed in a petition for writ of mandamus, then the alleged unconstitutional application of the statute would not materialize. For this reason, we decline to reach the constitutional issue at this time.

Our affirmance does not preclude the Class from again seeking a declaration that the statute is unconstitutional should it become necessary, but only after it has exhausted the legislative remedies available to it through section 11.066.

*Affirmed without prejudice.*

TAYLOR and CONNER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***