PARIENTE, J.,
concurring.
This is yet another chapter in which the ill-fated protagonists, the petitioners in this case, who had healthy citrus trees destroyed by the State in 2002 and 2003, continue to be thwarted in their attempt to obtain full and just compensation.[1] Rather than reaching a final conclusion in the saga that Judge May so aptly titled the “Book of Citrus Canker,” Bogorff v. Florida Dep’t of Agriculture & Consumer Services, 191 So.3d 512 (Fla. 4th DCA 2016), the legislative appropriations for the full amounts of the final judgments were vetoed by the Governor, prompting the petition filed in this Court,
Despite the petitioners having obtained final judgments, the validity of which are not contested, the State has fought payment on these judgments over many years, requiring the petitioners to navigate a legal obstacle course. In 2012, the Fourth District Court of Appeal directed that the petitioners must first seek a legislative appropriation to receive compensation. Fla. Dep’t of Agric. v. Mendez, 98 So.3d 604, 609 (Fla. 4th DCA 2012). After further litigation over whether the proper method was a claims bill, the petitioners were successful this past legislative session in obtaining specific appropriations for the full amount of their judgments. However, these line-item appropriations were vetoed by the Governor. Adding further insult to injury, the Governor’s veto was based on misinformation that the litigation in these *1002 cases was still ongoing when that was not the case.
I reluctantly concur in the order dismissing the petition, because the only relief sought in this Court is a request to invalidate the Governor’s veto on the specific appropriations, which is not legally permissible. The as-applied challenge to the constitutionality of section 11.066(3), Florida Statutes (2016), which the Fourth District determined required victims of State-taking of property to first seek a legislative appropriation, is ripe for review, but that issue is not raised here and is pending below.
It is unfortunate that the petitioners now must return to the trial courts in Broward and Lee Counties for further litigation and perhaps face another round of appeals to the Fourth District and Second District Courts of Appeal. In this regard, I wholeheartedly echo the words of Judge May:
Since the founding of our nation, the law has recognized, required, and enforced just compensation when government takes private property.
No private property shall be taken except for a public purpose and with full compensation paid to each owner or secured by deposit in the registry of the court and available to the owner.
Art. X, § 6(a), Fla. Const, (emphasis added). Indeed, the United States Constitution contains a similar provision. Amend. V, U.S. Const. (“[Njor shall private property be taken for public use, without just compensation.”).
The Florida Supreme Court has interpreted the takings clauses of the United States and Florida Constitutions coex-tensively. See, e.g., Tampa-Hillsborough Cty. Expressway Auth. v. A.G.W.S. Corp., 640 So.2d 54, 58 (Fla. 1994); Joint Ventures, Inc. v. Dep’t of Transp., 563 So.2d 622, 623 (Fla. 1990).
While the government has the ability to establish procedures for payment of its constitutional obligation, it does not have the luxury of avoiding it. Should the Class fail in obtaining a writ of mandamus, pursuant to section 11.066(4), the constitutional issue will ripen, and the courts will be left with no choice but to enforce Article X, section 6(a), of the Florida Constitution,
The Class obtained a money judgment for property taken by the Department many years ago. The Department does not contest the Class’s right to receive full compensation. The government must fulfill its constitutional obligation to pay its debt.
Bogorff, 191 So.3d at 515-16 (emphasis added). These petitioners have the right to full compensation. The time has come for the State to pay up.
QUINCE, J., concurs.

. We have received notice that a writ of mandamus was granted by the Lee County circuit court. Whether this will compel the State to immediately pay that judgment remains to be determined.